**`IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAUREEN BRESNAHAN, | ) | |
| | ) | Case No.: 18-cv-1974 |
| Plaintiff, | ) | |
| | ) | Judge LaShonda A. Hunt |
| v. | ) | |
| | ) | Mag. Judge Maria Valdez |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**PARTIES' PROPOSED FINAL PRE-TRIAL ORDER**

Pursuant to this Court's orders and standing orders and Local Rules, the parties submit their proposed final pre-trial order as follows:

## 1. JURISDICTIONAL STATEMENT

Plaintiff alleges Defendant City of Chicago violated Title VII of the Civil Rights Act of 1964 (Count 1), the Equal Protection Clause of the Constitution (Count 2), and the Illinois Civil Rights Act of 2003 (Count 4).

This Court has jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3) (Title VII), 28 U.S.C. § 1331 (federal question for Equal Protection Clause), 28 U.S.C. § 1367 (Illinois Civil Rights Act), and 28 U.S.C. § 1443 (civil rights generally).

Defendant City of Chicago admits this Court has jurisdiction over Plaintiff's claims, including supplemental jurisdiction over her ICRA claim. (ECF #21, ¶¶ 24-25.)

## 2. TRIAL ATTORNEYS

Plaintiff will be represented at trial by:

Marni Willenson (Lead Counsel)
WILLENSON LAW, LLC
3420 W. Armitage Ave., Ste. 200
Chicago, IL 60647
312.508.5380
marni@willensonlaw.com

C. Philip Curley
ROBINSON CURLEY, P.C.
600 W. Van Buren St., Ste. 700
Chicago, IL 60607
312.663.3100
pcurley@robinsoncurley.com

J. Bryan Wood
THE WOOD LAW OFFICE, LLC
321 S. Plymouth Ct., Ste. 1250
Chicago, IL 60604
312-554-8600
bryan@jbryanwoodlaw.com

Paralegals Nicklaus Kaspar (nkaspar@robinsoncurley.com) and Tom Miller (tmiller@willensonlaw.com) and Plaintiff Maureen Bresnahan will also be seated at counsel's table.

Defendant will be represented at trial by:

James P. Fieweger
Carolyn E. Isaac
Audrey N. Luzader
MICHAEL BEST & FRIEDRICH LLP
444 N Lake Street, Suite 3200
Chicago, IL 60606
jpfieweger@michaelbest.com – 312-596-5849
ceisaac@michaelbest.com – 312-596-5871
anluzader@michaelbest.com – 414-225-8298

Todd Goldberg and a representative from the City of Chicago will also be seated at counsel's table.

**3. CASE STATEMENT**

Disputes over the scope of Plaintiff's claims presently preclude agreement on a case statement.

Plaintiff's proposal:[1]

Plaintiff Marueen Bresnahan claims Defendant City of Chicago unlawfully maintains a custom or practice of denying women equal employment opportunities in elite units of the Chicago Police Department's "Special Functions" Division, which include the Bomb Squad, SWAT, Marine and Helicopter Unit, Mounted Unit, and Canine Unit. She claims her Constitutional right to Equal Protection was violated by this custom or pattern of unequal treatment by preventing her promotions.

Plaintiff also claims Defendant unlawfully denied her promotions in the Special Functions Division, including to the Police Department's Bomb Squad prior to 2024, because she is a woman and Defendant utilized criteria or methods of administration for promotions that had the effect of discriminating against her.

---

[1] Defendant's footnote to its Statement of the Case contends it has a statute of limitations defense that it intends to "reassert … via Rule 50." The Court should issue a pretrial ruling barring the defense because any statute-of-limitations defense was abandoned, waived, and/or forfeited. Defendant's mandatory initial discovery responses disclosed no theory, facts, witnesses, or documents supporting a statute-of-limitations defense, requiring preclusion under Rule 37(c)(1). *See* Dkt. 385 (Pl's Response to Defendant's Motion in Limine #3) at 10-11.

Plaintiff seeks to recover past and present lost wages and benefits and other damages a jury determines are appropriate to compensate her for the harms Defendant caused.

Defendant City of Chicago denies it acted unlawfully and, therefore, contends Plaintiff is not entitled to any relief.

Defendant's proposal:[2]

Plaintiff Maureen Bresnahan is a Chicago Police officer who in 2015 applied to be promoted to the position of Explosives Technician I. The City denied her application. Plaintiff alleges that the City discriminated against her on the basis of gender by failing to promote her in violation of Title VII of the Civil Rights Act. Plaintiff alleges further that the City unlawfully maintains a custom or practice of denying women entry into the Bomb Squad, which violates her Constitutional right to Equal Protection. The City denies that it discriminated against Plaintiff and contends she was denied a promotion because she performed relatively poorly in her interview.

**4. TRIAL LENGTH**

Plaintiff anticipates the trial will take 14 trial days, including jury selection, opening statements, and closing arguments (but excluding deliberations), which will take three calendar weeks because of a Court holiday on October 12. Defendant believes

[2] The City further contends that Plaintiff's ICRA and *Monell* claims are barred by the applicable statutes of limitations and will reassert those affirmative defenses via Rule 50. Plaintiff's request is procedurally improper and substantively baseless. Plaintiff can assert its defenses when the issue is ripe for this Court's resolution, if and when the City requests dismissal with prejudice. For now, the Court should disregard Plaintiff's request.

that if its motions *in limine* relating to the scope of this trial are granted that the trial will take 7 days.

**5. STIPULATIONS AND UNCONTESTED FACTS**

Stipulations and uncontested facts are attached as Exhibit A. The parties anticipate being able to reach additional stipulations after rulings on motions *in limine*.

**6. WITNESS DESCRIPTION LISTS.**

Plaintiff's witness list is attached as Exhibit B. Defendant's objections to Plaintiff's witness list – for use during the final pre-trial conference – is attached as Exhibit C.

Defendant's witness list is attached as Exhibit D. Plaintiff does not object to any witness identified on Defendant's list except Schmitt, as stated in Plaintiff's Motion *In Limine* 12.

**7. DEPOSITION DESIGNATIONS**

Plaintiff's deposition designations, with Defendant's counter-designations, are attached as Exhibit E.

Defendant did not designate witnesses to appear by deposition.

**8. EXHIBITS AND EXHIBIT CHARTS**

Plaintiff's exhibit chart is attached as Exhibit F, followed by Defendant's objections to Plaintiff's Trial Exhibits 120A, 122A, 123A, 125A, 126A, 127A, 128A, 129A, 130A, and 134A and Plaintiff's response.

Defendant's exhibit chart is attached as Exhibit G.

## 9. DAMAGES ITEMIZATION

Plaintiff's damages itemization is attached as Exhibit H.

## 10. MOTIONS *IN LIMINE*

The parties filed their contested motions *in limine* and responses separately pursuant to the Court's scheduling order.

Without opposition, Plaintiff requests the Court enter an order granting the following motions *in limine*:

**Plaintiff's No. 13 –** Bar any reference to settlement negotiations and Rule 68 offers of judgment.

**Plaintiff's No. 14**. **–** Bar any reference to Leticia Kaner's settlement with Defendant or prior representation by Plaintiff's counsel.

**Plaintiff's No. 15. –** Bar introduction of any undisclosed evidence and testimony from undisclosed witnesses.

**Plaintiff's No. 16. –** Bar expert testimony concerning opinions not actually disclosed.

**Plaintiff's No. 17. –** Bar reference to any party's motions in limine or attempts to exclude evidence.

**Plaintiff's No. 18 –** Bar Defendant from arguing that Plaintiff's data or other evidence relating to Defendant's demographics or test validation is stale, old, outdated, or not up to date, whether for injunctive relief or otherwise, including any inference to be drawn from the absence of data Plaintiff moved to compel in discovery.

**Plaintiff's No. 19 –** Bar all evidence of non-sustained Complaint Registers filed by civilians against any witness.

**Plaintiff's No. 20 –** Bar witnesses other than Plaintiff, Defendant's corporate representative, and expert witnesses from the courtroom during trial, including after their testimony, unless expressly permitted to remain by the Court.

**Plaintiff's No. 21. –** Bar any party, its witnesses, or its counsel from waiving attorney-client privilege where it was asserted in discovery.

**Plaintiff's No. 22 –** Permit sworn officers currently employed by Defendant in uniformed positions to wear their uniforms during trial.

**Plaintiff's No. 23 –** Bar Defendant's counsel from addressing Plaintiff by her first name.

**Plaintiff's No. 24 –** Bar Defendant from searching, or Defendant's counsel from receiving, background information about prospective or seated jurors from improper sources, including City records or law-enforcement databases such as CLEAR, NCIC, and LEADS.

**Plaintiff's No. 25 –** Bar argument or references to "runaway verdicts," "excessive verdicts," "jackpot justice," "lawsuit as a lottery ticket," or similar arguments that jury verdicts are a social ill.

**Plaintiff's No. 26 –** Bar any argument or references to Plaintiff expecting to be awarded less money than she requests from the jury.

**Plaintiff's No. 27. –** Bar any argument or suggestion that a verdict for Plaintiff will cost taxpayers, affect the City's public-safety budget or other City services, or is something taxpayers or Defendant cannot afford to pay.

**Plaintiff's No. 28 –** Bar any reference to the availability or unavailability of insurance.

**Plaintiff's No. 29 –** Bar any reference to the parties' fee arrangements, attorneys' fees or costs incurred, or the availability of any party to recover attorneys' fees or costs from the other party.

**Plaintiff's No. 30. –** Deem timely under Rule 26(a)(2) the expert opinions disclosed by LoGiudice and Tosic's rebuttal opinions pursuant to the parties' agreed schedule.

**Plaintiff's No. 31. –** Limit the proffered testimony of civilian analyst Danial Kranz, disclosed on August 6, 2026, to testimony about the Police Department's General Orders regarding Equal Employment Opportunity, and bar opinion testimony regarding application of that policy to the facts before the jury.

**Plaintiff's No. 32 –** Bar any reference to facts related to Schloss's employment with Defendant after she left the Special Functions Division except the fact of her retirement.

Without opposition, Defendant requests the Court enter an order granting the following motions *in limine*:

**Defendant's No. 5 –** Bar any reference to the City's size and ability to pay (as a Defendant).

**Defendant's No. 6 –** Bar any reference to the City's use of outside counsel Michael Best and the law firm's size.

**Defendant's No. 7 –** Bar any reference to a "code of silence" existing within the Chicago Police Department.

**11. *VOIR DIRE* QUESTIONS AND JURY QUESTIONNAIRE**

The parties agreed-upon questions for the jury questionnaire, and Plaintiff's and Defendant's separate proposed questions (with objections noted), are attached as Exhibit I.

**12. JURY INSTRUCTIONS/VERDICT FORMS**

The parties proposed agreed jury instructions without objections are attached as Exhibit J.

Plaintiff's proposed instructions and verdict form to which Defendant objects are attached as Exhibit K.

Defendant's proposed instructions and verdict form to which Plaintiff objects are attached as Exhibit L.

The parties hope to resolve key objections to substantive instructions and verdict forms prior to jury selection.

Dated: August 26, 2026

Respectfully submitted,

*/s/Marni Willenson*
One of Plaintiff's Attorneys

*/s/.Carolyn E. Isaac*
One of Defendant's Attorneys

Marni Willenson
WILLENSON LAW, LLC
3420 W. Armitage, Ste. 200
Chicago, IL 60647
312.508.5380
marni@willensonlaw.com

C. Philip Curley
ROBINSON CURLEY, P.C.
600 W. Van Buren St., Ste. 700
Chicago, IL 60607
312.663.3100
pcurley@robinsoncurley.com

J. Bryan Woood
THE WOOD LAW OFFICE, LLC
312 S. Plymouth Ct., Ste. 1250J
Chicago, IL 60604
312.554.8600
bryan@jbryanwoodlaw.com

*Attorneys for Plaintiff*

Carolyn E. Isaac
James P. Fieweger
Audrey N. Luzader
MICHAEL BEST & FRIEDRICH, LLP
444 W. Lake St., Ste. 3200
Chicago, IL 60606
Phone: 312.596.5871
Email: ceisaac@michaelbest.com
Email: jpfieweger@michaelbest.com
Email: anluzader@michaelbest.com

*Attorneys for Defendant*